## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRYELL JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2210** |
| **ARNOLD HOLLEY, ET AL.** | **SECTION "H"(4)** |

### ORDER AND REASONS

Plaintiff Terryell Jones ("Jones") filed a **Motion to Compel (Rec. Doc. No. 26)** to compel Defendant Arnold Holley, Jr., to respond to Plaintiff's Interrogatory No. 11.  The matter came before the Court on December 19, 2023, with oral argument.  Based on the briefs, the arguments of counsel, and the Court's reasons given at the hearing, as supplemented herein, the Court orders the following.

I.      **Factual and Procedural Background**

A.      **Complaint and Answer**

Plaintiff filed a Complaint on May 10, 2022, in the Civil District Court for the Parish of Orleans, State of Louisiana, seeking damages arising from an automobile accident that occurred in Orleans Parish on January 20, 2022.  ECF No. 1-1, at 9. Plaintiff alleges that she was driving her 2019 Volkswagen Jetta eastbound on Interstate 10 in Orleans Parish, Louisiana, when she was struck from behind by a 2009 Peterbilt 365, owned by Dana Transport, Inc. ("Dana Trucking"), and operated by Arnold Holley, Jr. ("Holley"), an employee of Dana Trucking.  *Id.*  Plaintiff alleges that Holley's truck struck the left rear corner of her vehicle, the force of which caused her to lose control of her vehicle and strike the concrete barrier to her left.  *Id.* at 10.  Plaintiff claims that she sustained significant injuries and property damage as a result of the collision.  *Id.* at 11.

Plaintiff further alleges that Holley operated the truck in an unsafe manner, failed to take proper safety precautions, and was not qualified to drive or operate the truck.  *Id.* at 10-11.  Plaintiff

also alleges that Dana Transport did not have clear safety rules for its drivers.  *Id.* at 11.  Plaintiff served interrogatories and requests for production of documents simultaneously with her suit on May 22, 2022.  *Id.* at 14.

Defendants removed this action to federal court on July 18, 2022, based on diversity jurisdiction.[1]  ECF No. 1.  Holley's Answer, filed October 26, 2022, asserted several affirmative defenses including, among others, contributory negligence and Plaintiff's distracted and reckless driving.  ECF No. 11, at 4.  Holley served his responses to Plaintiff's discovery requests simultaneously with his Answer.  ECF No. 26-2.

     **B.**      <u>**Plaintiff's Motion to Compel (ECF No. 26)**</u>

In her current motion, Plaintiff seeks to compel Holley to provide a more complete response to Interrogatory No. 11 based on his recent deposition testimony.  ECF No. 26. Interrogatory No. 11 asks Holley for the service provider, phone number, account number, and accountholder's name for "each and every cellular phone in your or your spouse's name, or which you were using, or which was readily available for your use, on the date of the collision."  ECF No. 26-5, at 3.  Holley's written response provided the requested information for one cell phone in his name, with the number (304) 549-8573, and serviced by Verizon.  ECF No. 26-6, at 8.

During his deposition on November 16, 2023, Holley testified that he became aware of Dana Transport's cell phone use policy through safety classes held by the company each quarter. ECF No. 29-1, at 7.  He stated that he understood the policy to prohibit him from using a cell phone while driving, and that he generally abided by the policy while he is driving.  *Id.* at. 7.

---

[1] Defendants represented that National was served through its registered agent on May 25, 2022, and that Dana Transport was served through personal service on June 20, 2022. R. Doc. 1 at 2.

Holley further stated that at the time of the incident, he had a company-issued iPhone to use for work calls.  *Id.* at 8.  He also stated that he was allowed to use his work phone to make personal calls while he is out on a trip, but not while he is driving.  *Id.* at 9.  Holley testified that he also had a personal cell phone at the time of the incident, which he kept in the truck with him during his trips.  *Id.* at 11.  When asked during the deposition to provide the phone number and carrier of his personal cell phone, Holley refused to do so.  *Id.* at 10. He stated that it is personal phone, not a work phone.  *Id.*

Concerning the accident, Holley testified that he did not see Plaintiff's car until she "bounced off the side of [his] truck" because she was in his blind spot.  ECF No. 34-1 at 4.  Holley also testified that right after the incident, he made and received several calls to "Nitro" and "Demopolis" to report it.  *Id.* at 8.  He testified that sometime after the incident, he received a new company-issued phone, which "is a Verizon" and not an iPhone.  ECF No. 29-1 at 8.

On November 20, 2023, Plaintiff's counsel sought information about Holley's personal cellphone and scheduled a conference pursuant to Fed. R. Civ. P. 37 with his attorney to discuss it.  ECF No. 26-8, at 1-2.  The parties held a Rule 37 conference via telephone on December 4, 2023.  ECF No. 26-4.  Plaintiff's counsel avers that Holley's attorney advised that she requested Holley's personal cell phone information, but has yet to receive it.

### C.   Defendants' Opposition Memorandum (ECF No. 29)

As discussed further below, Defendants have opposed the motion arguing that there is no reasonable foundation upon which Holley's personal cellphone records would be discoverable or relevant in this case.  ECF No. 29, at 2.  They argue that Holley has already testified in his deposition that he abides by Dana's policy of no phone use while driving.  *Id.* at 2-3.  He also did

not testify that he had or used his personal cell phone on the day of the incident. *Id*. at 2. The Plaintiff has already been provided information about Holley's work phone which he testified he used to make calls after the accident. *Id*. at 3. Defendants argue that the work phone was the only relevant phone in this case.

## II.    <u>Standards of Review</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule further specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." It also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

## III.    <u>Analysis</u>

In briefing and at oral argument, Plaintiff contends that Holley's personal cellphone information is relevant to determine whether he was using his cellphone while driving at the time of the accident. Plaintiff further contends that this determination is relevant to the cause of the

accident and in assessing defendants' overall negligence.  Plaintiff also argues that Holley's refusal to produce his personal cell phone information raises an inference that he was using his cell phone when the accident occurred and that the production of Holley's personal cell phone information and/or personal cell phone logs is necessary to confirm or refute this inference.

In their opposition and at oral argument, Defendants contend that information about Holley's personal cell phone is irrelevant since he did not testify in his deposition that he used his personal cell phone on the morning of the accident, that he had his personal cell phone with him, or that it was accessible to him on the morning of accident.  Defendants further contend that Holley instead testified that he adhered to the Dana Trucking "no cell phone" policy while driving, and that Dana Trucking produced the records for the work cellular phone that Holley testified that he had in his possession and was using on the date of the collision.

Defendants counsel also argued that there is no foundation for Plaintiff to obtain Holley's personal cellphone number, and noted that Holley testified at his deposition that he could use his work cellphone for personal calls, just not while driving.  *See* ECF No. 29, at 24, l.19 (Deposition). Defendants counsel also indicated that, because the incident occurred more than six months ago, any such records would have to be obtained from AT&T.  Counsel further advised the Court that efforts have already been made to obtain the record information for Holley's personal phone through counsel for AT&T.

Having considered the pleadings and arguments, and the reasons given at oral argument, the Court finds that Defendant Holley's personal cellphone information and usage logs or records for the date of the accident are relevant and discoverable to assess whether Holley was in

compliance with Dana's safety policy and whether the personal phone was in use at the time of the accident on January 20, 2022.

**IV.**     <u>**Conclusion**</u>

      Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Compel (ECF No. 26)** is **GRANTED** and Defendant Arnold Holley, Jr., shall have through January 5, 2023, to supplement his response to Plaintiff's Interrogatory No. 11 to include the service provider, phone number, account number, accountholder's name, and call logs/usage records for his personal cellphone for the date of the collision, January 20, 2022.

      New Orleans, Louisiana, this  20th  day of December, 2023.

 

                         **KAREN WELLS ROBY**
                 **UNITED STATES MAGISTRATE JUDGE**